UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-00136-TBR

MARIA SMITH,                                                                                     Plaintiffs
Administratrix of the Estate of JAMES SMITH, Deceased,
and next friend of P.B.S., V.M.S., and A.R.S., unmarried
infants of the Estate of JAMES SMITH

v.

PARKER-HANNAFIN CORPORATION                                   Defendant /
                                                                                         Third-Party Plaintiff

and

NLB CORP.                                                                                      Defendant

v.

JESCO INDUSTRIAL SERVICE, LLC, and                        Third-Party Defendants
PSC INDUSTRIAL OUTSOURCING, LP

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Third-Party Defendants Jesco Industrial Service, LLC, and PSC Industrial Outsourcing, LP's (collectively "PSC") motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the third-party complaint filed against them by Defendant/Third-Party Plaintiff Parker-Hannafin (Parker-Hannafin). (Docket No. 40.) Plaintiff Maria Smith, as Administratrix of the Estate of James Smith, deceased, and next friend of P.B.S., V.M.S., and A.R.S., has responded, taking no position on this issue. (Docket No. 41.) Parker-Hannafin has responded in opposition, (Docket No. 54), and PSC has replied, (Docket No. 64). This matter is now ripe for adjudication. For the reasons that follow, PSC's motion to dismiss will be GRANTED.

BACKGROUND

Plaintiffs' decedent, James Smith, was involved in a workplace accident at Westlake while using a high-pressure water hose.  Mr. Smith was working on behalf of PSC[1] pursuant to a contract with Westlake at the time of the accident.  Plaintiffs received workers' compensation benefits based on Mr. Smith's workplace injuries, and their workers' compensation claim was settled.  Plaintiffs filed suit against Parker-Hannafin and others, alleging that Parker-Hannafin defectively and negligently designed, manufactured, constructed, assembled, and/or marketed the hose at issue.  Parker-Hannifin denies that the hose was defective at the time of manufacture and instead claims the accident was caused by the actions of PSC.

Parker-Hannafin subsequently filed a third-party complaint against PSC, alleging that PSC should be liable under theories of indemnity, contribution, and apportionment.  Neither the Plaintiffs' complaint nor Parker-Hannafin's third-party complaint alleges that PSC played any role in the design, manufacture, construction, assembly, certification, and/or marketing of the water hose at issue.  PSC filed the instant motion to dismiss on January 14, 2013, arguing that because it paid Mr. Smith's workers' compensation benefits, it can have no further liability under the terms of the Kentucky Worker's Compensation Act (KWCA) and relevant Kentucky law, and thus Parker-Hannafin's third-party complaint should be dismissed in its entirety with prejudice.

---

[1] PSC Industrial Outsourcing, LP, is the sole member of Jesco Industrial Services, LLC.  (Docket No. 39, at 1.)

STANDARD

The Federal Rules of Civil Procedure require that pleadings, including complaints, contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint may be attacked for failure "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court will presume that all the factual allegations in the complaint are true and will draw all reasonable inferences in favor of the nonmoving party. *Total Benefits Planning Agency v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

Even though a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Instead, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). A complaint should contain enough facts "to state a claim to relief that is plausible on its face." *Id.* at 570. A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (citing *Twombly*, 550 U.S. at 556).  If, from the well-pleaded facts, the court cannot "infer more than the mere possibility of misconduct, the complaint has alleged— but has not 'show[n]'—'that the pleader is entitled to relief.'"  *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."  *Id.*

## DISCUSSION

PSC maintains that it should be dismissed from this case because its liability is limited to the amount it has already paid to Plaintiffs through workers' compensation. PSC also argues that Parker-Hannafin will not be able to recover any additional amount from PSC for its negligence claim and that Parker-Hannafin is entitled to an apportionment instruction only.  PSC avers that damages may be apportioned against it regardless whether it is a party to this action.  Parker-Hannafin does not dispute that PSC need not be a party in order for damages to be apportioned against it.  The Court finds that PSC need not be a party to this action in order for fault to be apportioned[2] and, because Plaintiffs assert no claims against PSC and take no position on PSC's instant motion, that PSC may be dismissed.  *See Dix & Assoc. Pipeline Contractors, Inc. v. Key*, 799 S.W.2d 24, 28-29 (Ky. 1990); *Adams v. J.B. Hunt Transp., Inc.*, 130 F.3d 219, 228 (6th Cir. 1997).

---

[2] The Court notes that, under Kentucky law, "apportionment" is not a "claim" in and of itself.  *See Burton v. HO Sports Co.*, 2009 WL 1390832, at *2 (W.D. Ky. May 14, 2009) ("KRS § 411.182 provides a right to an apportionment interrogatory or finding where underlying substantive fault exists, but it does not provide a substantive cause of action itself." (internal quotation marks omitted) (citing *Asher v. Unarco Material Handling, Inc.*, 2008 WL 2473680, at *3 (E.D. Ky. June 16, 2008); *Hall v. MLS Nat'l Med. Evaluations, Inc.*, 2007 WL 1385943, at *2 (E.D. Ky. May 8, 2007))).

PSC next argues that Parker-Hannafin's indemnity claim fails because the amount of the claim is limited to the amount of workers' compensation benefits that have already been paid to Plaintiffs and because PSC cannot be held liable for Parker-Hannafin's defective design and/or negligence. Parker-Hannafin argues that because Ky. Rev. Stat. § 411.182 did not do away with the common law right to indemnity, its indemnity claim is permissible under Kentucky law and, therefore, PSC must remain a party to this action.

An indemnity claim is "one in which the claimant seeks restitution for damages it was required to pay for injuries sustained by another and which were entirely or primarily caused by the party against whom indemnity is sought." *Franke v. Ford Motor Co.*, 398 F. Supp. 2d 833, 840 (W.D. Ky. 2005) (quoting *Degener v. Hall Contracting Corp.*, 27 S.W.3d 775 (Ky. 2000)). Despite the adoption of comparative fault and the exclusive remedy provisions of the KWCA, Kentucky law does permit common law indemnification claims against employers. *Id.* However, the KWCA "limits an employer's liability to indemnify a third-party tortfeasor to the amount of workers' compensation benefits that the employer must pay." *Labor Ready, Inc. v. Johnston*, 289 S.W.3d 200, 208 (Ky. 2009) (applying Ky. Rev. Stat. § 342.690(1)).

Although Parker-Hannafin has alleged an otherwise viable claim for indemnity, that claim is futile because it is limited by Kentucky statute to the amount of workers' compensation benefits that have already been paid by PSC to Plaintiffs. Thus, because PSC's liability is limited solely to what it has already paid, Parker-Hannafin cannot maintain a successful indemnification claim against PSC. Accordingly, the Court finds this claim should be dismissed.

Finally, PSC argues that Parker-Hannafin has no right of contribution against it. Parker-Hannafin argues at length that even if, practically, apportionment renders contribution redundant, Kentucky law still allows PSC to be made a party for both purposes. The Court disagrees with Parker-Hannafin on this point and instead finds that, under Kentucky law, a contribution claim does not exist where an employer has already met its obligations under the KWCA. *Dix*, 799 S.W.2d at 28; *accord Faulkner v. ABB, Inc.*, No. 5:08-CV-00212-TBR, 2009 WL 3462505, at *2 (W.D. Ky. Oct. 22, 2009).

In *Dix & Assoc. Pipeline Contractors, Inc. v. Key*, the Kentucky Supreme Court explained that "workers compensation coverage constitutes a settlement between the employee and the employer whereby the employee settles his tort claim for the amount he will receive as compensation." 799 S.W.2d at 29. Previously, in *Hilen v. Hays*, Kentucky's highest court rejected contributory negligence and instead adopted comparative negligence and apportionment of damages in tort actions. 673 S.W.2d 713, 720 (Ky. 1984). Therefore, in *Dix*, the Kentucky Court held that apportionment of fault was appropriate among joint tortfeasors, but that because the workers' compensation obligation had been paid in full, the tortfeasor who had settled owed no further obligation—therefore, there was no valid claim for contribution against that party. 799 S.W.2d at 29-30. Accordingly, because PSC has fully met its obligations under the KWCA, no contribution claim exists against it.

To conclude, the Court finds that each of Parker-Hannafin's third-party claims against PSC should be dismissed. This does not alter the fact that there shall be

Case 5:12-cv-00136-TBR-HBB Document 75 Filed 03/29/13 Page 7 of 7 PageID #: 508

apportionment of fault pursuant to Ky. Rev. Stat. § 411.182, but PSC need not be a party to this action for fault to be apportioned against it.

## CONCLUSION

For these reasons, IT IS HEREBY ORDERED that Third-Party Defendants Jesco Industrial Service, LLC, and PSC Industrial Outsourcing, LP's motion to dismiss, (Docket No. 40), is GRANTED, and Third-Party Plaintiff Parker-Hannafin's claims against these Third-Party Defendants are DISMISSED.

IT IS SO ORDERED.

Date:

cc:     Counsel

Page 7 of 7