UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:12-CV-00136-TBR

MARIA SMITH, as Administratrix of the
Estate of JAMES SMITH, Deceased,
Individually, and as Next Friend of
PBS, VMS, and ARS, unmarried infants                                            Plaintiff,

and

ACE AMERICAN INSURANCE CO.                                              Intervenor Plaintiff,

v.

PARKER-HANNIFIN CORPORATION                                                      Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant Parker-Hannifin Corporation's Motion in Limine to Preclude Reference/Argument Regarding Parker-Hannifin Products Incorporating a "Safety Shield." (Docket No. 122.) Plaintiffs have responded, (Docket No. 138), and Parker-Hannifin Corporation ("Parker") has replied, (Docket No. 135). This matter is now ripe for adjudication. For the reasons set forth below, Parker's Motion will be DENIED.

### Factual Background

On September 12, 2011, Plaintiff's decedent, James Smith ("Smith"), was using an ultra-high pressure hose for "hydroblasting" in the course of his employment by PSC Industrial Outsourcing, LP. Otherwise known as "shotgunning" or "water blasting," this process involves directing high-pressure water from a hose and through a "shotgun," or lance, in order to clean heavy machinery. On the day of the accident, Smith used a fifty-foot high-pressure hose assembly manufactured by Parker. The assembly consisted of a Parker Polyflex 2440N-08V91 hose, which operated at a maximum pressure of 20,000 psi, and appropriate end fittings. When the hose suddenly ruptured, a powerful stream of water escaped, penetrating Smith's abdomen and ultimately causing his death.

In this lawsuit, Plaintiff claims that the hose was in a defective condition unreasonably dangerous to users, thereby causing Smith's accident and injuries. Specifically, she alleges that Parker defectively designed the hose by failing to include a built-in safety shroud.

**Discussion**

In the instant Motion, Parker asks the Court to preclude Plaintiff from introducing evidence concerning other high-pressure hose assemblies it manufactures that incorporate a safety shroud. Parker manufactured safety shrouds for certain waterjetting hoses, but not for the 2440N model. (*See* Docket No. 117-4, Dep. of Paul Webster, at 66, 110.) Parker specifically acknowledged that it had designed and offered for sale a safety shield for a hose similar to the 2440N, but with a higher psi and used exclusively in handheld operations. Moreover, it admits that incorporating a permanent safety shroud into the 2440N product design, as well as other lower-pressure models, was technologically and economically feasible. However, Parker contends that such a shroud would have obviated the assembly's utility in other common industrial applications, not all of which require the user to hold the assembly while the hose is under pressure. Parker argues that evidence regarding this safety shield, which was designed for a different product, is irrelevant to the matter at hand and would unfairly prejudice its defense.

The Court disagrees with Parker's characterization of such evidence as irrelevant. Among other considerations, Kentucky courts look to "the feasibility of making a safer product' when determining whether a product is in a defective condition unreasonably dangerous. *See Montgomery Elevator Co. v. McCullough*, 676 S.W.2d 776, 780 (Ky. 1984). Here, Plaintiff points to a safer alternative design that Parker itself developed, manufactured, and placed into the marketplace. The fact that the safety shroud enhanced the safety of other products may be important evidence bearing upon the reasonableness of the 2440N hose's design. *See Jones v. Hutchinson Mfg., Inc.*, 502 S.W.2d 66, 69 (Ky. 1973) (quoting William L. Prosser, Handbook of the Law of Torts § 696 (4th ed. 1971)).

Criticism that an incorporated safety shroud would have impeded the product's usefulness goes to the weight of the evidence rather than its admissibility.  The Court trusts that the jury will aptly discern any differences in the types of hoses discussed and their various uses.  Accordingly, the Court need not exclude such evidence.

## Conclusion

For the reasons set forth above, the Court hereby ORDERS that Parker's Motion in Limine to Preclude Reference/Argument Regarding Parker-Hannifin Products Incorporating a "Safety Shield," (Docket No. 122), will be DENIED.